60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
United Food & Commercial Workers International Union, Local
1442, Petitioner-Intervenor,
v.
PAY LESS DRUG STORES NORTHWEST, INC., Respondent.
 No. 93-70928.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1995.
Decided July 10, 1995.
 
 1
 On Application for Enforcement of an Order of the National Labor Relations Board, NLRB No. 31-CA-18795.
 
 NLRB
 
 2
 PETITION DENIED.
 
 
 3
 Before: HALL, and LEAVY, Circuit Judges, and LEVI,* District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 The National Labor Relations Board applies for enforcement of its order against a non-unionized Pay Less Drug Store in Manhattan Beach, California. The NLRB found that Pay Less violated Sec. 8(a)(1) of the National Labor Relations Act by prohibiting representatives from the United Food and Commercial Workers International Union, Local 1442 ("Union") from picketing in the outside sales area of the store.
 
 
 6
 We will uphold the NLRB's decision if its findings of fact are supported by substantial evidence and if the NLRB correctly applied the law. See Retlaw Broadcasting Co. v. NLRB, F.3d , , Nos. 93-70378 & 93-70437, slip op. 4771, 4777-78 (9th Cir. Apr. 26, 1995). With respect to the latter, we will defer to the NLRB's interpretation of the National Labor Relations Act ("the Act"), 29 U.S.C. Secs. 151-69, so long as it is reasonably defensible. Id.
 
 
 7
 This appeal stands or falls on the NLRB's determination that the Union representatives had a free speech right under the California state constitution to picket in the outside sales area in front of the store even after the amendment of Pay Less' lease. We reject this position.
 
 
 8
 California free speech rights have been found to include the right to enter into the common areas of privately owned shopping centers. Robins v. Pruneyard Shopping Ctr., 592 P.2d 341, 347 (Cal. 1979), aff'd, 447 U.S. 74 (1980). This does not, however, indicate that free speech rights extend to actual entry onto the premises of a store's sales area exclusively leased and actively used for that purpose.
 
 
 9
 The April 19, 1991 amendment to Pay Less' lease gave it "exclusive right to use that area in front of Tenant's store up to the edge of the curb for the sale of merchandise ...." Evidence in the record reflects Pay Less' substantial use of the outdoor area for the display and sale of merchandise. See Administrative Record ("AR") Vol. II Exhibits. Pay Less was responsible for liability insurance, lighting, water, fire control, an intercom system, a cash register hook-up, and security in that area. AR I at 177-79. One full-time employee was permanently assigned to manage and merchandise goods. AR I at 167, 178. The sales area had permanent display structures and was partially protected from the weather. AR I 165-66, 180-81. Pay Less restocked the area regularly and at the time of the picketing approximately 2000-3000 items were displayed for sale. AR I 172, 175-76. An estimated ten percent of the store's sales came from the outside area. AR 185-86, 293-94.
 
 
 10
 The Supreme Court has endorsed the jurisdiction of an agency to determine issues of law involving both its own statutes and related matters determined by other federal or state statutes. See Thunder Basin Coal Co. v. Reich, U.S. , 114 S. Ct. 771, 780-81 (1994). This, however, does not require that appellate courts grant the same deference to the agency interpretations of statutes beyond their proximate area of expertise. As the Court noted in Thunder Basin, "petitioner's statutory and constitutional claims ... can be meaningfully addressed in the court of appeals." Id. at 780.
 
 
 11
 In view of Pay Less' substantial use of its outside sales area and its exclusive right to such use subsequent to the April 19, 1991 amendment to its lease, no basis exists for concluding that the free speech rights under California law attach to the activities of the Union representatives. We conclude that the NLRB incorrectly interpreted and applied California Law and the Act to the facts of this case.
 
 
 12
 Because we find no merit to any of the remaining arguments, the petition is DENIED and the order VACATED as to that portion of the NLRB decision applicable after the April 19, 1991 amendment of the lease.
 
 
 
 *
 The Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3